UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| KRYSTLE L. WRIGHT, | ) | No. CV-09-134-JPH |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING PLAINTIFF'S |
| v. | ) | MOTION FOR SUMMARY |
| | ) | JUDGMENT AND REMANDING FOR |
| MICHAEL J. ASTRUE, | ) | ADDITIONAL PROCEEDINGS |
| Commissioner of Social Security, | ) | PURSUANT TO SENTENCE FOUR 42 |
| | ) | U.S.C. § 405(g) |
| Defendant. | ) | |
| | ) | |
| | ) | |

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 13, 15.) Attorney Maureen J. Rosette represents plaintiff; Special Assistant United States Attorney Daphne Banay represents defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** defendant's Motion for Summary Judgment and **GRANTS** plaintiff's Motion for Summary Judgment and remands the matter to the Commissioner for additional proceedings.

## JURISDICTION

Plaintiff Krystle L. Wright (plaintiff) protectively filed for supplemental security income (SSI) on May 10, 2006 (Tr. 51, 54.) Plaintiff alleged an onset date of November 26, 2003. (Tr. 113.) Benefits were denied initially and on reconsideration. (Tr. 28, 31.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Richard A. Say on March 18, 2008. (Tr. 559-78.) Plaintiff was represented by counsel and testified at the hearing. (Tr. 565-74.) Medical expert

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -1

Dr. Margaret R. Moore and vocational expert K. Diane Kramer also testified. (Tr. 560-65, 574-77.) On May 2, 2008, the ALJ issued a written decision denying benefits. (Tr. 15-22.) The Appeals Council denied review (Tr. 3) and the matter is now before this court pursuant to 42 U.S.C. § 405(g).

### STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcripts, the ALJ decisions, and the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was 21 years old at the time of the hearing. (Tr. 565.) She left school after completing the eleventh grade. (Tr. 565.) At the time of the hearing, plaintiff was studying for her GED. (Tr. 565.) Plaintiff has never been employed. (Tr. 567.) She testified that she became disabled when she became sicker than she ever had been before. (Tr. 566.) The problems that keep her from working are asthma, sinus infections, ear infections, endometriosis and back pain. (Tr. 567.) Plaintiff also testified that she is so tired she sleeps all day. (Tr. 570.) Plaintiff has been diagnosed with somatoform disorder and borderline to low average intellectual functioning with dependent personality disorder features. (Tr. 92, 531, 553.)

### STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler,* 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -2

as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if his impairments are of such severity that plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -3

impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since May 10, 2006, the application date. (Tr. 17.) At step two, he found Plaintiff has the following severe impairments: somatoform disorder, dependent personality disorder, low intellectual functioning, asthma, and obesity. (Tr. 17.) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -4

impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 18.)  The ALJ then determined:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except she should avoid concentrated exposure to dust, fumes, and gases, and she is moderately impaired in her ability to maintain concentration, persistence, and pace.

(Tr. 19.)  At step four, the ALJ found plaintiff has no past relevant work.  (Tr. 21.)  After considering the plaintiff's age, education, work experience and residual functional capacity and the testimony of a vocational expert, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that the claimant perform.  (Tr. 21.)  Thus, the ALJ concluded plaintiff has not been under a disability, as defined in the Social Security Act, since May 10, 2006, the date the application was filed.  (Tr. 22.)

### ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error.  Specifically, plaintiff asserts the ALJ erred by: (1) failing to include all of the limitations identified in the RFC in the hypothetical to the vocational expert; (2) failing to properly consider the psychological evidence; and (3) improperly rejecting her symptom testimony.  (Ct. Rec. 14 at 10-17.)  Defendant argues the ALJ: (1) properly concluded plaintiff could perform work in the national economy; (2) properly considered the psychological evidence; and (3) properly rejected plaintiff's subjective complaints.  (Ct. Rec. 16 at 6-18.)

### DISCUSSION

**1.    Step Five**

Plaintiff argues the ALJ failed to include all of the limitations identified in the residual functional capacity finding in the hypothetical to the vocational expert.  (Ct. Rec. 15 at 10-11.)  A hypothetical posed to a vocational expert must set forth all of the limitations and restrictions of a claimant.  *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).  In order for the testimony of a vocational expert to be reliable, the hypothetical posed must include all of the claimant's functional limitations, both physical and mental.  *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002).  A hypothetical which does not contain all of the limitations the ALJ found credible and supported by the record is defective.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).  The ALJ's RFC finding includes a moderate impairment in the ability to maintain concentration, persistence and pace,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -5

but the hypothetical to the vocational expert did not include that limitation.  (Tr. 19, 575.)  Defendant concedes the ALJ's failure to include the mental limitations in the hypothetical to the vocational expert is error.  (Ct. Rec. 16 at 7.)  As a result, the ALJ's step five finding that plaintiff can perform work available in the national economy is erroneous.

Defendant argues the ALJ failure to include plaintiff's mental limitations in the hypothetical to the vocational expert is harmless error.  (Ct. Rec. 16 at 7.)  Harmless error only occurs if the error is inconsequential to the ultimate nondisability determination.  *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055-56 (9th Cir. 2006).  Errors that do not affect the ultimate result are harmless.  *See Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007); *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990); *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984).  Defendant asserts the ALJ relied on rule 202.17 of the guidelines ("grids") as a framework in support of the step five determination, and the ALJ's reliance on the guidelines was sufficient to support the finding of nondisability.  (Ct. Rec. 16 at 7-8.)  Therefore, defendant argues, the outcome was not affected by the ALJ's erroneous hypothetical.

After a claimant has established a prima facie case of disability by demonstrating she cannot return to her former employment, or in this case, that the claimant has no former employment, the burden shifts to the ALJ to identify specific jobs existing in substantial numbers in the national economy that claimant can perform despite her identified limitations.  *Hoffman v. Heckler,* 785 F.2d 1423, 1425 (9th Cir. 1986).  The ALJ can satisfy this burden by either (1) applying the grids or (2) taking the testimony of a vocational expert.  *Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988).  The grids are an administrative tool the Commissioner may rely on when considering claimants with substantially uniform levels of impairment.  *Burkhart,* 856 F.2d at 1340 (citing *Desrosiers v. Secretary of Health and Human Serv.*, 846 F.2d 573, 578 (9th Cir. 1988).

Defendant asserts the ALJ "relied on rule 202.17 of the guidelines" and "the ALJ's reliance on the guidelines" was sufficient to support the step five finding.  (Ct. Rec. 16 at 7-8.)  If the ALJ relied on the guidelines, such reliance was improper.  If a claimant has non-exertional limitations that significantly limit her range of work, use of the grids in determining disability is inappropriate.  *Bates v. Sullivan*, 894 F.2d 1059 (9th Cir. 1990) (overruled on other grounds*, Bunnell v. Sullivan*, 947 F.2d

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -6

341, 342 (9th Cir. 1991)).  In such instances, a vocational expert must be called to identify jobs that match the abilities of the claimant, given her limitations.  *See, e.g., Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989).  In this case, the limitations left out of the hypothetical to the vocational expert are nonexertional limitations.  Nonexertional limitations are "all work-related limitations and restrictions that do not depend on an individual's physical strength."  Soc. Sec. Rul. 96-8. *See also* 20 C.F.R. Pt. 416.969a; *Desrosiers*, 846 F.2d at 579.  A moderate impairment in the ability to maintain concentration, persistence and pace is a nonexertional limitation.  Therefore, reliance on the grids for a nondisability determination is not sufficient in this case.

Defendant asserts *Hoopai v. Astrue* "affirmed the ALJ's step five finding that relied on the guidelines as a framework without the assistance of a VE, despite the existence of mild and moderate nonexertional limitations–which included a moderate limitation in the ability to maintain attention and concentration for extended periods–in concluding that there were a significant number of jobs in the national economy that the claimant could perform. . . . " (Ct. Rec. 16 at 8-9, citing 499 F.3d 1071, 1076-77 (9th Cir. 2007).  Defendant overstates the holding in *Hoopai*.  In that case, the ALJ did not include any nonexertional limitations in the RFC finding, despite some evidence of mild to moderate limitations in concentration, persistence and pace.  *Id.* at 1075.  The claimant did not dispute the RFC finding, but argued that the ALJ's step two finding of depression was itself a significant nonexertional limitation requiring testimony from a vocational expert at step five.  *Id.*  The *Hoopai* court held that a step two determination that a condition is severe does not necessarily require  the ALJ take the testimony of a vocational expert at step five.  *Id.* at 1076.  More specifically , the court determined that a finding of mild to moderate depression at step two was not a nonexertional limitation requiring testimony from a vocational expert.  *Id.* at 1077.  *Hoopai* is inapposite to the case at hand.

In this case, the ALJ specifically included a moderate limitation on concentration, persistence and pace in the RFC, and obtained testimony from a vocational expert for the specific purpose of determining how those limitations erode the occupational base found in the grids.  (Tr. 21-22.) The limitation on concentration, persistence and pace is a nonexertional limitation and vocational testimony was required for a proper step five determination.  Furthermore, the ALJ did not rely on the framework of the guidelines for the finding at step five as defendant asserts.  To the contrary, after

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -7

discussing the application of the guidelines, the ALJ stated:

> If the claimant had the residual functional capacity to perform the full range of light work, a finding of "not disabled" would be directed by Medical-Vocational Rule 202.17.  *However, the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations.*  To determine the extent to which these limitations erode the unskilled light occupational base, the Administrative Law Judge asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity.

(Tr. 22, emphasis added.)   The ALJ did not rely on the guidelines, but recognized the grids were inapplicable because of the specific limitations of plaintiff's RFC.  (Tr. 22.)  The ALJ then inaccurately asserted the hypothetical to the vocational expert took into account plaintiff's residual functional capacity, and concluded plaintiff was disabled based on the testimony of the vocational expert.  (Tr. 22.)  Because the ALJ's error at step five was not harmless, the matter must be remanded for additional testimony from a vocational expert after considering an accurate hypothetical.

**2.     Opinion Evidence**

Plaintiff argues the ALJ improperly rejected the opinion of Dr. Arnold, an examining psychologist.  (Ct. Rec. 14 at 14-15.)  In February 2007, Dr. Arnold prepared a psychological assessment and completed a DSHS psychological/psychiatric evaluation form.  (Tr. 85-92.)  Dr. Arnold diagnosed undifferentiated somatoform disorder and rule out borderline intellectual functioning and assessed a GAF score of 55.[1]  (Tr. 92.)  He assessed two marked and five moderate limitations.  (Tr. 92.)  In March 2008, Dr. Arnold examined plaintiff and prepared a psychological assessment report and Medical Source Statement of Ability to Do Work Related Activities (Mental) form. (Tr. 528-35.)  He diagnosed undifferentiated somatoform disorder, borderline to low average intellectual functioning, and dependent personality disorder features with a current GAF score of 48.[2]

---

[1]A GAF score of 51-60 indicates moderate symptoms or any moderate impairment in social, occupational or school functioning.  DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, 4TH Ed. at 32.

[2]A GAF score of 41-50 indicates serious symptoms or any serious impairment in social, occupation, or school functioning. DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, 4TH Ed. at 32.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -8

(Tr. 531.) He assessed six marked and eight moderate limitations.

Dr. Arnold prepared another psychological assessment report in March 2009. (Tr. 546-53.) He again diagnosed undifferentiated somatoform disorder, borderline to low average intellectual functioning, dependent personality disorder features and assessed a GAF of 48. (Tr. 553.) Dr. Arnold assessed one severe, two marked, and four moderate limitations. (Tr. 548.) Dr. Arnold's 2009 opinion was not part of the record before the ALJ, but the Appeals Council considered the 2009 opinion in denying plaintiff's request for appeal. (Tr. 6.) Any evidence which was submitted to the Appeals Council is part of the record for review. *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000) (concluding the district court properly considered new evidence submitted to the Appeals Council because the Appeals Council addressed those materials in denying review); *Ramirez v. Shalala*, 8 F.3d 1449, 1451-52 (9th Cir. 1993) (noting district court reviewed all materials including evidence not before the ALJ when Appeals Council declined to accept review). Thus, this court properly considers the 2009 report from Dr. Arnold in reviewing the ALJ's decision.[3]

In evaluating medical or psychological evidence, a treating or examining physician's opinion is entitled to more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's

_____

[3]Defendant argues evidence not considered by the ALJ cannot provide the basis for a finding of disability or for remand. (Ct. Rec. 16 at 14-15.) The court need not reach this issue since remand is required by the ALJ's error at step five. On remand, the 2009 report of Dr. Arnold is part of the record to be considered by the ALJ.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -9

opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989).

The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. *Lester*, 81 F.3d at 831, citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990). However, the opinion of a non-examining physician may be accepted as substantial evidence if it is supported by other evidence in the record and is consistent with it. *Andrews*, 53 F.3d at 1043; *Lester*, 81 F.3d at 830-31. Cases have upheld the rejection of an examining or treating physician based in part on the testimony of a non-examining medical advisor; but those opinions have also included reasons to reject the opinions of examining and treating physicians that were independent of the non-examining doctor's opinion. *Lester*, 81 F.3d at 831, citing *Magallanes v. Bowen*, 881 F.2d 747, 751-55 (9th Cir. 1989) (reliance on laboratory test results, contrary reports from examining physicians and testimony from claimant that conflicted with treating physician's opinion); *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995) (rejection of examining psychologist's functional assessment which conflicted with his own written report and test results). Thus, case law requires not only an opinion from the consulting physician but also substantial evidence (more than a mere scintilla but less than a preponderance), independent of that opinion which supports the rejection of contrary conclusions by examining or treating physicians. *Andrews*, 53 F.3d at 1039.

The ALJ gave little weight to Dr. Arnold's opinion for two reasons. (Tr. 20.) First, the ALJ found Dr. Arnold's opinion that plaintiff has marked limitations in the ability to do work-related activities is inconsistent with his own tests and reports. (Tr. 20.) The ALJ asserted "Dr. Arnold's reports fail to reveal the type of significant clinical and laboratory abnormalities one would expect if the claimant were in fact disabled." (Tr. 20-21.) A medical opinion may be rejected by the ALJ if it is conclusory, contains inconsistencies, or is inadequately supported. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009); *Thomas*, 278 F.3d at 957. However, "To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim." *Embrey v. Bowen*, 849 F.2d

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -10

418, 421 (9th Cir. 1988).  The ALJ's summary of the medical evidence did not mention the objective

testing conducted by Dr. Arnold, nor did he explain how the objective findings are contrary to Dr.

Arnold's assessed limitations.  (Tr. 17-18, 20-21.)  Furthermore, the ALJ did not discuss the

testimony of the medical expert, Dr. Moore with any specificity nor explain how it contradicted Dr.

Arnold's conclusions.  (Tr. 20.)  Dr. Moore's testimony was limited and only briefly described the

evidence supporting her conclusions.  In fact, Dr. Moore did not describe any evidence supporting the

conclusion that plaintiff had a mild impairment in social functioning.  (Tr. 563.)  The ALJ's

explanation of the determination and consideration of the psychological evidence falls short of the

specificity required to properly reject Dr. Arnold's opinion..

The ALJ's second reason for rejecting Dr. Arnold's opinion is also inadequate.  The ALJ

asserted Dr. Arnold relied "heavily" on plaintiff's subjective reports "and seemed to uncritically

accept as true most, if not all, of what the claimant reported."  (Tr. 21.)  A physician's opinion may be

rejected if it is based on a claimant's subjective complaints which were properly discounted.

*Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Fair*, 885 F.2d at 604.  However, it is not

clear how the ALJ determined Dr. Arnold relied "heavily" on plaintiff's subjective complaints.  The

2007 examination involved a clinical interview and objective testing including the MMPI-II, Trails

Making Part A and B, and a mental status exam.  (Tr. 90.)  The 2008 examination included a clinical

interview, the MMPI-II, the WAIS-III, a review of records and a mental status exam.  (Tr. 528.)  The

2009 examination included the clinical interview, a PAI, BAI-II, Trails Making Part A and B, Rey 15-

item test, a review of prior records and a mental status exam.  (Tr. 550.)  Dr. Arnold discussed the

interrelationship of the results of the various tests and appears to have made conclusions based an

overview of the record.  The ALJ did not explain how these conclusions amount to reliance of

plaintiff's subjective reporting.  The ALJ's analysis is incomplete, and as a result, the ALJ's

conclusion is not supported by substantial evidence.

The ALJ also relies on the fact that Dr. Arnold reported plaintiff's MMPI-II results as invalid

in 2008, asserting the invalid test is a good reason for questioning the reliability of plaintiff's

subjective complaints.  (Tr. 21.)   While Dr. Arnold indicated the 2008 MMPI-2 results "suggests

over reporting of psychological difficulties," he also indicated caution should be exercised in

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -11

interpreting the results. (Tr. 530.) Dr. Arnold specifically noted no consistent pattern of malingering. (Tr. 530.) Indeed, Dr. Moore, the psychological expert, testified that there was no evidence of malingering. (Tr. 563.)   The ALJ's suggestion that the invalid MMPI-II results in 2008 taint Dr. Arnold's conclusions is an overstatement of the evidence and is not supported by the record.

The ALJ's analysis of the psychological evidence is inadequate. Although the reasons cited by the ALJ for rejecting Dr. Arnold's opinion may be proper reasons for rejecting the opinion of an examining psychologist in some cases, in this case the ALJ failed to properly justify his findings. Dr. Arnold's reports are far more detailed than the testimony of Dr. Moore, whose opinion the ALJ relied upon but mentioned only in passing. More is required of the ALJ and on remand, the ALJ should reevaluate the psychological opinion evidence, including the 2009 report of Dr. Arnold.

Also noteworthy is the ALJ's failure to mention the opinion of Dr. Figueroa, plaintiff's treating physician. Dr. Figueroa completed a DSHS physical evaluation form in February 2008. (Tr. 521-24.) Dr. Figueroa opined that plaintiff's abdominal pain, neuropathy, and endometriosis caused very significant interference with the ability to perform one or more work-related activities, and her asthma and allergies caused a moderate interference with the ability to perform work-related activities. (Tr. 523.) He also indicated restrictions of mobility, agility or flexibility in numerous areas. (Tr. 523.) The ALJ did not mention Dr. Figueroa's opinion or accept or reject it, despite the fact that it is the only opinion in the record regarding work-related limitations from a treating physician. On remand, the ALJ should also address this opinion and assign weight to its contents.

**3.     Credibility**

Plaintiff argues the ALJ did not properly consider her testimony regarding her symptoms. (Ct. Rec. 14 at 15-16.)     The ALJ found plaintiff's statements are not credible, and her statements concerning her pain, symptoms and limitations are not persuasive. (Tr. 20.) In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 4416.929.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -12

Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of the symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991)  If there is evidence of a medically determinable impairment likely to cause an alleged symptom and there is no evidence of malingering, the ALJ must provide specific and cogent reasons for rejecting a claimant's subjective complaints. *Id.* at 346.  The ALJ may not discredit pain testimony merely because a claimant's reported degree of pain is unsupported by objective medical findings. *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989).  The following factors may also be considered: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *Morgan v. Apfel*, 169 F.3d 599, 601-02 (9th Cir. 1999).  In the absence of affirmative evidence of malingering, the ALJ's reasons must be "clear and convincing." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169 F.3d at 599.  The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)(citation omitted).

In this case, there is no evidence of malingering, so the ALJ was required to provide clear and convincing reasons supported by substantial evidence to justify the negative credibility finding. Because remand is necessary and because additional evidence relevant to the credibility finding is part of the record on remand, it is not necessary for the court to determine whether the credibility finding is adequately supported.  The ALJ should reconsider the evidence and make a new credibility determination after taking additional evidence into account.

It is noted, however, that plaintiff's lack of mental health treatment was considered by the ALJ in making the negative credibility determination.  (Tr. 20.)  "If the claimant's mental health problems

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -13

were not severe enough to motivate her to seek treatment, it is difficult to accept her assertion that they are disabling." (Tr. 20.)  The Ninth Circuit has observed  that depression "is one of the most under-reported illnesses in the country because those afflicted often do no recognize that their condition reflects a potentially serious mental illness." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996)   Although plaintiff may have failed to seek treatment  for her mental condition, "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation."  *Id.,* quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989). Additionally, Dr. Arnold indicated that somatoform disorder causes psychological difficulties to be expressed in somatic ways and "psychological interpretations of such tend to be readily dismissed by the client." (Tr. 530.)  Thus, it is improper to penalize plaintiff or challenge her credibility on the basis of an untreated mental health condition, particularly a condition which may manifest itself in part as a failure to recognize the psychological basis for her problems.

Furthermore, the ALJ listed a litany of other considerations, including activities of daily living, prior work record, precipitating and aggravating factors, effectiveness and use of medication and therapy, alleged and/or demonstrated functional restrictions, and the duration, frequency and intensity of the alleged symptoms.   This list of considerations does not meet the requirement that the ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). The ALJ cited no evidence pertaining to these considerations with the exception of the activities of daily living.  On remand, substantial evidence supporting all reasons justifying the credibility determination must be identified.

## CONCLUSION

The ALJ's decision is not supported by substantial evidence and free of legal error.  A remand is necessary for a new finding at step five.  The ALJ should also reconsider the opinion evidence and credibility finding, taking into account Dr. Arnold's 2009 report which is part of the record on remand.  The ALJ may make a new RFC finding if appropriate.

Accordingly,

**IT IS ORDERED:**

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -14

1.    Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **GRANTED**.  The matter is remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. 405(g).

2.    Defendant's Motion for Summary Judgment **(Ct. Rec. 15 )** is **DENIED**.

3.    An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant. Judgment shall be entered for plaintiff and the file shall be **CLOSED**.

DATED June 4, 2010.


S/ JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -15